**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**IN RE: SUSAN LISA CAMPBELL,**
**Debtor, Appellant**

**VERSUS**  CIVIL ACTION NO. 2:09CV25-P

**R. MICHAEL BOLEN, US TRUSTEE,**
**Appellee**

**ORDER**

This cause is before the Court on appeal from the entry of an Order by the Bankruptcy Court entered March 11, 2008. The Court, having reviewed the necessary filings, including the memoranda of authorities filed by the appellant and appellee and the authorities cited, finds as follows, to-wit:

Although the appeal denominates the debtor, Susan Campbell, as the appellant, the issues raised on appeal related solely to the right of the debtor's attorney, William A. Cohn. Accordingly, the Court construes the Notice of Appeal as an appeal by Mr. Cohn individually. This Court therefore has jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1).

The March 11, 2008 Order with which Cohn takes issue directed appellant to comply with Uniform Local Rule 83.1 by obtaining orders for admission pro hac vice in any future cases in which he appears in the bankruptcy court. Cohn admits he is not licensed to practice law in Mississippi, but asserts that he has been admitted to practice in the Northern District of Mississippi pursuant to a certificate issued by the Clerk of Court in 1982.

Rule 83.1, adopted by the United States District Courts for the Northern and Southern

Districts of Mississippi in July 2006, provides that attorneys may be admitted to practice before those district courts only if they: 1) are members of the Mississippi state bar; or 2) are admitted to practice pro hac vice to participate in a particular action. Furthermore, on July 18, 2006, the Courts for the Northern and Southern District of Mississippi entered a General Order re: Pro Hac Vice Admissions. Said Order provides that Local Rule 83.1(a)(2) is the sole method by which an attorney not admitted to the Mississippi state bar may practice in the district courts. It likewise provides that there is no "grandfather" provision applicable to non-Mississippi attorneys.

Notwithstanding the foregoing, Cohn urges that both the Rule and the General Order are impermissibly retroactive (as to him) and their enforcement would violate the constitutional prohibition against ex post facto laws. Neither argument has merit. The Bankruptcy Court's application of Rule 83.1 and the General Order affect only cases filed after the effective date of those provisions. Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994). In addition, the Bankruptcy Court's order, the General Order and Rule 83.1 are civil and regulatory in nature, the constitutional prohibition against ex post facto laws is inapplicable. Smith v. Doe, 538 U.S. 84, 92 (2002). Accordingly, the Court finds that the ruling of the Bankruptcy Court should be affirmed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Bankruptcy Court should be, and hereby is, AFFIRMED in all respects. IT IS FURTHER ORDERED that the instant appeal is hereby DISMISSED.

SO ORDERED, this the 3rd day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE